## LANGAN v KESSINGER

Ohio Appeals, 2nd Dist, Greene Co

No 427. Decided Nov 19, 1936

Marcus Shoup, Xenia, and McMahon, Corwin, Landis & Markham, Dayton, for plaintiff-appellee.

Miller & Finney, Xenia, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above-entitled cause is in this court by virtue of notice of appeal on question of law filed by defendant on May 19, 1936.

On May 25, 1935 the plaintiff filed in the Court of Common Pleas of Greene County, Ohio, her petition against the defendant, J. Willard Kessinger, seeking damages for personal injuries sustained while riding as a guest in an automobile operated by the defendant on a public highway within the State of Michigan. On the same day summons was duly issued to the sheriff of Greene County, and on May 27 following the sheriff made his return, stating that he had served the within named defendant by personally handing him a true and certified copy of summons with all the endorsements thereon. On May 29, 1935, plaintiff filed an amended petition, wherein it was alleged that the defendant was a minor, aged twenty years. The amended petition also contained some additional allegations which defendant, through his counsel, claims changed the form of action. On this same day, to-wit, May 29, 1935, plaintiff, through praecipe filed, caused to be issued to the sheriff of Highland County, Ohio, a summons for John Gossett and Grace Gossett, R. F. D. 5, Hillsboro, Ohio, as custodians and parties with whom J. Willard Kessinger, a minor, aged twenty years, resided. Return of service was duly made by the sheriff of Highland County, which return of the sheriff stated that on June 11, 1935, service was made on John Gossett and Grace Gossett as custodians and the parties with whom J. Willard Kessinger resided. On June 12, 1935, an alias summons was issued to the sheriff of Highland County, directed to be served on Grace Gossett, the legal guardian of J. Willard Kessinger, a minor, aged twenty years. The

sheriff of Highland County made his return that on June 12, 1935, he served the within named Grace Gossett, legal guardian of J. Willard Kessinger, by personally handing to her a true and certified copy of the summons.

On June 22, 1935, the defendant, for the purpose of questioning the sufficiency of summons, filed his motion for such purpose, and without submitting himself to the jurisdiction of the court therein moved that the court set aside and quash the services issued against him, the service thereof made upon him, and the return of the sheriff therein, for the following reasons:

"1. That said summons, and the service thereof, and return thereof, are not in compliance with §§11282 and 11291, GC.

"2. That the summons issued on the petition dated May 25, 1935, served on the same date and return made May 27, 1935, is not in accordance with the provisions of §11291, GC, for the reason that defendant is a minor under twenty-one years of age, that summons was not issued for or service made upon his guardian.

"3. That the summons dated May 29, 1935, and June 4, 1935, served respectively on June 4, 1935, and June 11, 1935, and the return of said service, dated June 6, 1935, and June 13, 1935, respectively, were improperly issued and not in compliance with §11282 GC, and further the return of said service shows that service was not made upon defendant's guardian.

"4. That the summons issued on the amended petition, dated June 12, 1935, served on June 12, 1935, and returned June 13, 1935, was not made in accordance with the provisions of §§11282 and 11291 GC, for the reason that the return shows that service was made upon Grace Gossett, legal guardian of J. Willard Kessinger, a minor, aged twenty years, and is not preceded, accompanied or followed by service upon the minor defendant.

"5. That service upon the petition is not complete and does not fulfill the mandatory requirements of §11291, GC, and that there has been no service upon the amended petition as required by §§11282 and 11291 GC. Affidavits and other evidence will be used in support of this motion at the hearing.
"Miller & Finney,
"Attorneys for Defendant."

The trial court overruled defendant's motion, as appears from the following entry, under date of May 19, 1936:

"This day this cause came on to be heard upon the motion of the defendant to quash the service of summons, and was submitted to the court together with the petition and amended petition of the plaintiff and on the affidavits filed, and was argued by counsel.

"In consideration whereof the court finds said motion to quash the service should be and the same hereby is overruled, to which finding of the court the defendant by counsel excepts."

Following the notice of appeal, certain papers, consisting of affidavits and certified copies of proceedings in the Probate Court of Highland County, Ohio, and used in the original hearing on the motion to quash service, were missing from the files and by consent of counsel copies were substituted. Afterwards the originals were found and attached to the transcript of docket and journal entries and original papers.

No bill of exceptions was filed and it is extremely doubtful if certain factual questions are properly before this court, and this is true even though counsel for plaintiff do not raise this question in their briefs. On any factual question determined by the trial court a reviewing court must look to the bill of exceptions as to what was before the trial court.

Of course we are bound to examine the pleadings and original papers if they reflect the error complained of.

The affidavits and certified copies of documents of other courts used as evidence in support of motion are not original papers.

Counsel for defendant-appellant in their brief restate their position under three headings, as follows:

"1. There is no provision for issuance of service on a minor's guardian outside the county in which the action is filed.

"2. The person served in Highland County was neither legal guardian or the person having the care of the minor defendant nor the person with whom he lived.

"3. The original petition and personal service on the minor defendant alone made thereunder was abandoned by filing the so-called amended petition."

Taking these up in the order named, we first consider the question as to whether or not the issuing and service of summons on the minor's guardian in Highland County was authorized under the law.

Sec 11291 GC reads as follows:

"Sec 11291 GC. Infants, how served.— When the defendant is a minor the service of summons must be upon him, and also upon his guardian, or father; or, if neither can be found, upon his mother; or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons, in the order named herein."

The first summons issued was to the sheriff of Greene County, Ohio, and the same was properly served personally on the defendant. So far as this service on the defendant is concerned it appears to be in all respects a compliance with the above §11291, GC.

Apparently, the plaintiff at the time of filing the first petition was not aware of the fact that the defendant was a minor. The manner and method of service on the principal defendant is the same, whether he be an adult or a minor. If counsel for defendant's contention be followed, it would mean that an action could not be brought against a minor defendant in any county other than the county of the domicile of the guardian, and even then it could not be brought in such county unless the defendant could properly be served in such county.

Reliance is placed on §11282 GC, which is claimed to be the only section pertinent to this issue. This section in part reads as follows:

"When an action is rightly brought in any county * * * a summons may be issued to any other county against one or more of the defendants at the plaintiff's request * * *."

It is claimed that the guardian is not a defendant, and hence does not come within the specific language of the above section. It is true that the guardian of a minor is not a necessary party defendant in an action arising from the minor's tort, but the Supreme Court seems to recognize the propriety of making party defendant. Stuard, Gdn. v Porter, Admr., 79 Oh St 2.

The Supreme Court of the State of Massachusetts, in the case of Taylor v Lovering, 171 Mass. 303, in commenting on this well-recognized rule as announced in an earlier Massachusetts case, makes the observation that the courts do not go to the point of saying that the guardian would be an improper party.

In the sense of seeking any relief against the guardian, there could be no necessity of naming the guardian as a party defendant. However, in the sense that the guardian is the proper person to make a defense for the ward, there is a situation recognized in reason and also under the Code that such guardian be notified by service of summons of the pending action.

The case of Stuard, Gdn. v Porter, Admr., supra, discusses the relation of minor and guardian where suit is brought against the ward. While this case is not directly in point, we think the reasoning is helpful and supports the theory that when an action is properly brought, either the guardian or ward may be served in another county within the state. In any event, it is our conclusion that the situation in the instant case is within the spirit of the law authorizing summons to issue to another county.

We now take up and consider the second proposition.

Claim is made that the minor defendant had no guardian in Highland County, nor did the persons there served have the care of the minor defendant, nor did he live with such persons. For the moment passing the question that this issue is not presented by a proper bill of exceptions, we nevertheless consider this issue in the light of the original papers, affidavits and certified documents attached to the transcript of docket and journal entries. The affidavits of the defendant and others tend to show that he lives in Michigan; that he was properly emancipated and has his legal domicile in the State of Michigan. On the other hand, the certified copies of certain records from the Probate Court of Highland County, Ohio, contain an application for the appointment of guardian; the finding of the court that the minor has selected Grace Gossett as his guardian; that his parents are dead and that he is in the custody of Grace Gossett and resides in Highland County, Ohio. There is also attached a certified copy of the letters of appointment of Grace Gossett as guardian of J. Willard Kessinger. Whether or not the certified copies attached are all the papers, documents or records appertaining to the appointment of Mrs. Gossett as guardian is not disclosed. One provision of the Code providing for the appointment of guardian is found in §10507-2 GC and in part reads as follows:

"The person for whom the guardian is to be appointed be a resident of the county or has a legal settlement or residence therein."

From this provision it very clearly appears that a guardian might be appointed in Ohio, even though the minor had his domicile in some other county or some other state. Other sections of the Code provide for the appointment of guardian of non-residents of the state. We refer to §10507-46 GC.

On this question we find against the contention of defendant.

The remaining contention makes the claim that the amended petition was a departure from the original cause of action as set out in the first petition.

We have examined the petition and amended petition with care. We have no difficulty in arriving at the conclusion that the causes of action are identical. The amendments, as made in the second amended petition, do not change the form of action. We are cited to the case of **Louisville & Nashville R. R. Company v Green, Admrx., 113 Oh St 546.** This case is in point and supports our conclusions.

In addition to our independent research we have had the benefit of the very able opinion of the trial court and we follow his reasoning and findings.

Defendant's appeal will be dismissed at his costs.

The cause will be remanded for further proceedings according to law.

Exceptions will be allowed.

HORNBECK, J, concurs.
CRAIG, J, not participating.