### WERTZ, In Re, Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22978.  Decided March 10, 1954.

McConnell, Blackmore, Cory & Burke, Cleveland, for appellant.

(STEVENS, J, HUNSICKER J, of the 9th District; COLLIER, J, of the 4th District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER J:

On March 10, 1951, Ivan C. Wertz filed an affidavit in the Probate

Court of Cuyahoga County, Ohio, alleging that his daughter Bette Z. Wertz (age 24) was "mentally ill and in need of treatment."

On March 20 1951, a medical certificate signed by "David Sprague. M. D." was filed in the Probate Court. This certificate indicated that Dr Sprague had examined Bette Z. Wertz at "Windsor Sanitarium," and that Bette Z. Wertz was then mentally ill. The file of original papers transmitted to this court from the Probate Court also contains a report signed by "Maurice H. Berg, Deputy Clerk." This report, although not marked filed in the court or included in the official transcript, purports to be a "Case History of Mental Illness" given to Mr. Berg by the mother of Bette Z. Wertz.

Neither the official transcript of the original pleadings in and docket and journal entries of the Probate Court in this matter, nor the Probate Court file of the original papers, contains a notice, a subpoena, or any indication whatsoever, to any witnesses or to Bette Z. Wertz that a hearing on the affidavt was to be held.

On March 20, 1951, the following journal entry was spread upon the records of the Probate Court:

"This day this cause came on to be heard and the said Bette Z. Wertz was brought before the Court. Thereupon, the Acting Probate Judge proceeded with the examination, and having heard the testimony of Dr. David Sprague and being satisfied that said Bette Z. Wertz is mentally ill; and that she has a legal settlement in Cleveland Heights, in Cuyahoga County; and that she has been a resident of the State of Ohio for one year next preceding this date; that her mental illness has occurred during the time she has resided in this State; that her being at large is not dangerous to the community; and that she is a suitable person for treatment at the Hawthornden State Hospital, Ohio. It is therefore ordered that Dr. Sprague, the medical witness in attendance, make out a medical certificate, setting forth the facts as is provided by law. And it is further ordered that an application be made to the Superintendent of said Hawthornden State Hospital for the admission of said Bette Z. Wertz and that a copy, under seal, of the certificate of said medical witness and of the findings in this case, be transmitted to said Superintendent; and it is further ordered that said Bette Z. Wertz be committed into the custody of Windsor Hospital until she can be admitted into said Hawthornden State Hospital; and this cause is continued."

Nothing further transpired in this matter until on July 7, 1953, when a petition to vacate the order of March 20, 1951, was filed in the Probate Court by Bette Z. Wertz.

We do not have a bill of exceptions to determine from such document the evidence submitted to the trial court in the hearing on the petition to vacate the finding of mental illness. The petition makes some very definite allegations concerning the situation as it affects Bette Z. Wertz Some of such allegations are to the effect that the petitioner-appellant herein returned to college less than two months after the order finding petitioner mentally ill, thereafter secured employment in the mathematics sections of one of the great technical schools, and that, at the time the petition was filed, she was a candidate for the degree of Doctor of Philosophy in Physics.

The Probate Court on August 14, 1953, entered the following order: "This day this cause is further heard, and it is by the court ordered that the petition be dismissed at the petitioner's cost. See opinion."

An appeal on questions of law from the judgment so entered is before this court, claiming that the Probate Court erred in overruling appellant's petition to vacate its order of March 20, 1951, adjudging appellant mentally ill.

The appellant, Bette Z. Wertz, presents to this court the following issues:

"(1) Did the court's failure to give appellant notice and opportunity to be heard at the inquest proceeding render its judgment void for lack of due process?

(2) Was the court's failure to abide by the provisions of 1890-25 such irregularity as demands the vacation of its judgment?"

The original proceedings herein, to secure the judgment of mental illness, were instituted pursuant to §§1890-23 to 1890-27, inclusive, GC (now §§5123.18 to 5123.23, incl., R. C.)

Sec. 1890-25 GC (now §5123.21 R. C.) provided that:

"No hearing shall be had upon the affidavit provided for in section 1890-23 of this chapter until the probate judge has caused written notice by mail or otherwise as the court may direct to be given to the following persons: .

(1) Any one person, whether a relative or not, designated by the person believed to be mentally ill, if such person is considered by the court is competent to make a selection. If the person is considered by the court incompetent to make a selection, then notice shall be sent to the person's attorney, if any, or to the next of kin or a friend of the person other than the person who filed the affidavit. If the person selected to represent the patient, fails to appear, the court shall appoint a guardian ad litem to act in the patient's behalf.

"2. Any person or persons that the probate judge determines should have notice of such nearing.

All persons entitled to notice as herein set out shall be permitted to waive such notice, and their failure to appear shall not invalidate any action taken by the court under §1890-27 GC."

There is nothing in the record before us to show that the above statutory procedure was complied with.

The statutes and the proceeding thereunder, which we must examine herein, have been interpreted in an able opinion by the Court of Appeals of Allen County—State, ex rel Parsons, v. Bushong, Supt., 92 Oh Ap 101. With the reasoning and conclusions in that case we fully agree.

Counsel for the petitioner has, in an excellent brief, presented to this court numerous authorities which uphold the principle that notice is an essential element in such proceedings as are now before us.

See: Simon v. Craft, 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; Barry v. Hall, 98 Fed. 2d, 222; In re Masters, 216 Minn. 553, 13 N. W. 2d 487; In re Application of Wellman, 3 Kan. App. 100.

The record of the Probate Court of Cuyahoga County in the instant case shows upon its face that the court was without jurisdiction, and, there-

fore, the judgment that the petitioner was mentally ill, and the commitment made under such order, were illegal and void.

The judgment is reversed as contrary to law, and final judgment entered for appellant.

STEVENS, PJ, COLLIER, J, concur.