WEIGEL, APPELLANT, *v.* GROSSNICKLE ET AL., APPELLEES.

(No. 226—Decided May 22, 1954.)

*Mr. John W. Cowell,* for appellant.
*Messrs. Walker & Bradford* and *Mr. Ralph A. Hill,* for appellees.

HILDEBRANT, J. This appeal is from a refusal by the Common Pleas Court to grant a writ of habeas corpus.

The five Roark children were completely orphaned by the death of their surviving parent, their mother, so that shortly thereafter, upon application and the choice of the two older sisters of Clara Slater as guardian, the Probate Court found it necessary to appoint a guardian and named appellant and Clara Slater, now Jordan, as coguardians. They accepted and qualified by giving bond. It is conceded that the court verbally instructed that Clara Slater actively administer the wards' property and determine questions of custody.

The three younger children were placed with the oldest sister, who married although a minor, and remained in the family-owned home in Clermont County for approximately a year, so that originally no change of residence was made as to them, at that time, due to changed conditions; and upon application, they went to live with an uncle in Florida. Later, due to changed conditions, they were returned to Clermont County and placed by Clara Slater in the custody of respondents, appellees herein.

It is stipulated that a paternal grandmother, residing outside the state of Ohio, and two aunts, residents of Hamilton County, Ohio, one being the appellant herein, appeared before the Probate Court of Clermont County and asked for custody of these children and were refused, prior to the appointment of the coguardians herein.

It is contended that upon the death of the surviving parent, the domicile of the minors became that of the nearest blood relative willing to stand *in loco parentis* to the children, so as to deprive the Probate Court of jurisdiction to appoint a guardian.

In the alternative, appellant contends that, if the court had jurisdiction to make the appointment as coguardian, she is entitled to the custody of the children now, so that the invoking of the jurisdiction of the Common Pleas Court in habeas corpus has for its object a change of custody originally fixed by the Probate Court.

In either event, petitioner is in the wrong forum.

Section 2111.02, Revised Code, provides in part:

"When found necessary, the Probate Court on its own motion or an application by any interested party shall appoint a guardian of the person, the estate, or both, of a minor. * * * provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement therein."

In *Langan* v. *Kessinger,* 23 Ohio Law Abs., 392, it was squarely held that "a guardian may be appointed in Ohio even though the minor has his domicile in some other county or state, under the provisions of Section 10507-2, General Code [Section 2111.02, Revised Code]."

The principles decisive of this appeal are set forth, in part, in *In re Clendenning,* 145 Ohio St., 82, 60 N. E. (2d), 676:

"1. Plenary and exclusive, original jurisdiction is given by law to the Probate Courts of this state in the matter of the appointment and removal of guardians. (*Shroyer, Gdn.,* v. *Richmond,* 16 Ohio St., 455, approved and followed.)

"2. A guardianship proceeding is a proceeding *in rem* and the exercise of jurisdiction by a Probate Court binds all the world. (*Ibid.*)

"3. An order appointing a guardian made by a Probate Court in the exercise of its jurisdiction cannot be impeached collaterally. (*Ibid.*)

"4. Where petitioner has an adequate remedy at law a writ of *habeas corpus* should be denied. (*Ex parte Justes,* 121 Ohio St., 628, approved and followed.)"

And, in the opinion, at page 92, it is stated:

"As stated in 39 Corpus Juris Secundum, 14, Section 4:

" 'A guardian appointed by a court of competent jurisdiction is always under the court's control and is subject to its directions and supervision. This is so even though the guardian was nominated by the ward. The jurisdiction of the court in this respect is exclusive and a continuing one.'

"In 25 American Jurisprudence, 7, Section 2, it is said:

" 'The court having jurisdiction of a guardianship matter is said to be the superior guardian, while the guardian himself is deemed to be an officer of the court.' "

It, therefore, appears that exclusive, continuing jurisdiction upon matters of custody rested in the Probate Court, and the appellant has an adequate remedy at law in that forum, so that the petition in habeas corpus was properly dismissed, and the judgment of the lower court is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and Ross, J., concur.