IN RE GUARDIANSHIP OF REYNOLDS: REYNOLDS, APPELLANT, *v.* REYNOLDS, APPELLEE.*

(No. 5043—Decided September 24, 1957.)

*After the appointment of the trustee for the suit, the motions of the appellee to strike from the files the brief filed by the ward and to dismiss the appeal on questions of law and fact were granted and the motion to dismiss the appeal on questions of law was overruled; time was fixed for filing the bill of exceptions, assignments of error and briefs, and after hearing on the merits the judgment of the Probate Court was affirmed. Appeal dismissed, 168 Ohio St., 265.

*Messrs. Williams, Eversman & Black,* for appellee.

Fess, J. This is the second appearance of this controversy in this court. See *In re Guardianship of Reynolds,* 103 Ohio App., 102, 144 N. E. (2d), 501, decided December 3, 1956.

An appeal on questions of law and fact has been taken from an order and judgment of the Probate Court finding appellant, a nonresident of Ohio, to be an incompetent person and appointing his father, Lawrence G. Reynolds, guardian of appellant's estate in Ohio.[1]

Appellant was represented by counsel in the proceedings in the Probate Court, but such counsel resigned after filing notice of appeal on questions of law and fact.

Appellee has moved the court for an order dismissing the appeal herein for the reason that the appellant has failed to comply with the provisions of Rules II and VII (2) of this court, or, in the alternative, for an order dismissing the appeal on questions of law and fact for the reason that the action is not one in chancery and that appellant has failed to file an appeal bond according to law.

Appellee has also moved the court for an order appointing a guardian ad litem or trustee for the purpose of representing appellant in this cause.

No motion has been filed to dismiss the appeal on the ground that the appellant, having been adjudged incompetent, has no right to take an appeal from such order, but we have considered the question, and have the following comment to make thereon.[2] Proceedings for the appointment of guardians, are not *inter partes,* or adversary in character. They are properly proceedings *in rem* and are ordinarily instituted by application made on behalf of the ward, and for his benefit. The order of

---

[1] Although the appellant had been confined to a hospital in the state of New York under order of the county court of Westchester County dated March 5, 1952, as a mentally ill person, no guardian or committee was appointed for appellant under the laws of New York.

[2] No question was raised in the former appeal regarding the capacity of appellant to institute the appeal.

appointment binds the world. *Shroyer, Gdn.,* v. *Richmond,* 16 Ohio St., 455; *Heckman* v. *Adams,* 50 Ohio St., 305, 34 N. E., 155; *In re Clendenning,* 145 Ohio St., 82, 60 N. E. (2d), 676. And plenary and exclusive, original jurisdiction is given to the Probate Court in the matter of the appointment and removal of guardians. *Shroyer* v. *Richmond, supra; In re Clendenning, supra.* Such jurisdiction is continuing as well as exclusive. *Weigel* v. *Grossnickle,* 100 Ohio App., 106, 135 N. E. (2d), 894. The court, having jurisdiction of a guardianship matter, is said to be the superior guardian, while the guardian himself is an officer of the court. 25 American Jurisprudence, 7, Section 2.

In the chapter of the Code dealing with civil actions, it is provided that the action of an insane person must be brought by his guardian (Section 2307.11, Revised Code) and that the defense of an insane person must be by his legally appointed guardian, except that if he has no guardian, or he has an adverse interest, then by a trustee for the suit, appointed by the court. (Section 2307.13, Revised Code.)

In *Murphy* v. *Murphy,* 85 Ohio App., 392, 87 N. E. (2d), 102, it is held that a person who has been declared incompetent and has had a guardian appointed for him lacks legal capacity to prosecute or defend an action *or an appeal,* either with or without the intervention of a next friend or a trustee for the action. We do not so broadly and sweepingly construe the provisions of Sections 2307.11 and 2307.13, Revised Code, so far as the taking of an appeal is concerned. These sections deal with the prosecution and defense of civil actions—not necessarily with appellate procedure. They relate to actions commenced after adjudication of insanity. In the *Murphy case,* after the adjudication of incompetency and after her appointment, the guardian brought an action for divorce against the ward and a trustee was appointed to represent the ward in the divorce proceeding. After an adverse judgment, the ward undertook the appeal which was dismissed upon the ground that he lacked the capacity to prosecute such appeal. We agree with the conclusion of the Court of Appeals under the circumstances of that case, that the ward, having a trustee for the suit, lacked the capacity to prosecute the appeal.

With respect to an adjudication of incompetency and the appointment of the guardian, the guardian appointed by the court has no proper interest in taking an appeal from such order and thus act adversely to the purpose of his appointment. It would be anomalous and inconsistent for the Probate Court, even upon application of the guardian, to order him to take an appeal from the court's own judgment.

The first two sentences of Section 2111.23, Revised Code, refer to the appointment of guardians ad litem for persons under legal disability in proceedings in the Probate Court. In the third sentence of the section, it is provided that "in a suit or proceeding in which the guardian has an adverse interest, the court shall appoint a guardian ad litem to represent such minor or other person under legal disability." Although it might be contended that this third sentence authorizes the Probate Court to appoint a guardian ad litem in any action pending in another court, the import of the section as a whole deals with proceedings in the Probate Court and should not be construed to apply or extend to actions in the Common Pleas Court. Furthermore, courts in general should have power to protect the interests of persons under legal disability by the appointment of guardians ad litem. In the light of the third sentence of Section 2111.23, Revised Code, perhaps, upon application made on behalf of the ward and upon a finding of adverse interest between the guardian and the ward arising out of the ward's opposition to the adjudication and appointment of the guardian, the Probate Court in its discretion might appoint a guardian ad litem to prosecute an appeal. But this also tends to place the court in a somewhat anomalous situation.

The notice of appeal on questions of law and fact was filed within time in the Probate Court on behalf of the appellant by his counsel prior to the latter's resignation. Under the specific provisions of Section 2101.42, Revised Code, an appeal may be taken from any order, decision or judgment of the Probate Court by a person against whom it is made or whom it affects. Certainly, an adjudication of incompetency and the appointment of a guardian is such an order from which an appeal may be taken. To deny such person the right to have such an order

reviewed is contrary to justice and right.[2] We therefore hold that the appellant is entitled to a review of the judgment below upon the notice of appeal filed on his behalf. At this stage of the proceedings, we do not determine the questions presented by the motion to dismiss the appeal.

We are also of the opinion that the motion for an order appointing a guardian ad litem or trustee for the purpose of representing the appellant in this appeal should be granted.

The Probate Court has exclusive jurisdiction over the appointment, conduct and removal of guardians, and under Section 2111.23, Revised Code, has jurisdiction to appoint guardians ad litem in proceedings in the Probate Court. Under Section 2307.11, Revised Code, an action of an insane person must be brought by his guardian, and under Section 2307.13, Revised Code, the defense of an insane person must be by his legally appointed guardian, except that if he has an adverse interest, then by a trustee for the suit, appointed by the court. As above stated, these sections deal with actions other than proceedings for the appointment of guardians and confer jurisdiction upon the Common Pleas Court as well as the Probate Court (in civil actions) to appoint trustees for the suit. Apparently there is no specific statutory authority for the appointment of a guardian ad litem or trustee by the Court of Appeals incident to the prosecution of an appeal by a person under legal disability.

But in *Sturges* v. *Longworth* (1853), 1 Ohio St., 544, 553, the court called attention to the lack of statutory authority for the appointment of a guardian ad litem for a lunatic and said:

"The court having no positive rule of practice prescribed by legislative enactment, were, as a matter of course, authorized to proceed by the analogy furnished by similar cases. In contemplation of the law there is a complete parallel between that of a lunatic, and an infant defendant: both are liable to be made defendants, and have their rights passed upon; both are incap-

[2]Appeals instituted on behalf of a person adjudged incompetent have been entertained without the question of incapacity having been raised or decided. See: *In re Clendenning*, 145 Ohio St., 82, indicating that the judgment of the Probate Court was reviewed in the Court of Appeals. See, also, *Rhoads* v. *Rhoads, Gdn.*, 29 Ohio App., 449; *In re Guardianship of Reynolds*, 103 Ohio App., 102.

able of defending themselves; and in both cases the court before whom the proceedings are had are bound to see that their defense is conducted by a competent person, who must be recognized by the court as authorized to make defence. The Legislature have provided, Swan's Statutes, 665, that in all cases, where an infant is sued, a guardian *ad litem* shall be appointed to defend the suit; the present not being a case provided for by statute, we think the court with great propriety adopted the same course provided for in case of infant defendants.'"

It is to be noted that in the *Sturges case* the Supreme Court did not base its conclusion upon the inherent power of the Common Pleas Court to appoint a guardian ad litem, but the appointment was approved nevertheless in the absence of any statutory authority therefor. In the instant case, the appellant lacks the legal capacity to prosecute his appeal. Admittedly, the power of this court to appoint a guardian ad litem or trustee to prosecute this appeal is doubtful, but as in the case of sustaining his right to review on principles of natural justice, we conclude that the appellant is entitled to the appointment of a trustee for the prosecution of his appeal. An order may be drawn accordingly.

The motion to dismiss the appeal will be continued for hearing pending the appointment of the trustee.

*Judgment accordingly.*

DEEDS and SMITH, JJ., concur.

---

[4]With respect to infants, Section 2307.16, Revised Code, now provides: "In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted or by a probate judge."