**PAELTZ, a Minor, etc., Plaintiff, v. LEONHER, Defendant.**

Common Pleas Court, Franklin County.

No. 197660.   Decided January 21, 1958.

104

W. Bruce Jenkins, Asst. City Atty., Farmer & Rownd, Columbus, for plaintiff.

Joseph C. Kistler, Lancaster, for defendant.

## OPINION

By BARTLETT, J.

This is a suit by a minor, 17 years of age, by his next friend, for damages alleged to have been caused by the defendant maliciously assaulting and beating the plaintiff. The defendant himself is a minor 19 years of age.

The defendant has been personally served with the summons in this county by the Sheriff, and subsequently residence service of summons was made upon the father and natural guardian of the minor defendant in Fairfield County.

Two motions have been filed to quash the service of summons upon the infant defendant and his father, and to set aside the returns endorsed thereon.

"The validity of service of process depends upon the correctness of the venue of the action as brought, for no defendant is obliged to appear in answer to a summons issued out of the wrong county. Conversely, if the action is brought in the right county, service may be made upon summons issued to any county where the defendant is found, * * *"

"A guardian may be served with summons in a county other than that where the action is brought, if his ward is properly served." 32 O Jur. p. 407, Process, Sec. 33; Validity of Service as Dependent upon Proper Venue; Norris v. Buchanan, 21 C. C. (N. S.) 497.

Sec. 2307.39 R. C., provides:

"All actions, other than those mentioned in §§2307.32 to 2307.38, inclusive, R. C., must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county."

Secs. 2307.32 to 2307.38 R. C., have no application to the instant case. Sec. 2703.04 R. C., provides in part:

"When an action is rightly brought in any county, according to §§2307.32 to 2307.40, inclusive, R. C., a summons may be issued to any other county against one or more of the defendants at the plaintiff's request; * * *."

"The effect of these statutes (§2307.39 and §2703.04 R. C.) (supra), and of the venue statutes generally, and the decisions made under them, is that if one defendant is served in the county in which the action is brought, and as to him the venue is proper, service on any other defendant rightly joined in the action may be made upon summons issued to the county where he resides or is found." 32 O. Jur. p. 409, Sec. 34, Validity of Service outside County of Venue as Dependent upon Service on Co-defendant within such county; see to same effect, Glass v. McCullough Transfer Co., 159 Oh St 505.

Sec. 2307.39 R. C., supra, fixes the venue of the present type of action in the county in which the defendant "resides or may be summoned." Since the present action was brought in this county and personal service actually made upon the infant defendant in this county, the instant case was rightly brought in this county, under §2307.39 R. C., supra; and summons to another county was proper against the father of the infant defendant, upon whom residence service was obtained.

"Where a summons is served upon an infant, and, thereafter, a new summons with a later answer day is served upon the parents, the combined service is sufficient to confer jurisdiction over the person of the minor." Matthews, Admx., v. Vandervoort, 18 Oh Ap 174, motion to certify overruled by the Supreme Court, 22 O. L. Rep. 12.

In the foregoing case, Allread, J., in his opinion for the court on p. 175, says:

"The question, therefore, is whether summons and service solely upon the minor may, before any action is taken by the court prejudicial to the minor, be supplemented and amended by a service upon the father and mother.

"This is a new question in this state, and no direct authority has been found elsewhere. Tracing the history of service upon minors, we find that originally service upon minors over fourteen years of age could be made as upon adults. In 1902 the statute was so amended as to require the service of summons upon all minors to be made not only upon the minor but upon the guardian, parent, or other party with whom the minor resides. We think that notice to the minor is the dominant purpose of the statute. The notice to the guardian, parents, etc., was supplementary, and intended to promote the interests of the minor. This statute should be construed with a view of promoting the reason and spirit thereof, and not with over-technical nicety. Where the service is upon the minor alone, and where the court has taken no action prejudicial to the minor, we see no reason to prevent the plaintiff from supplementing the defective service on the minor alone by a proper notice to the guardian or parents, as the case may be."

On page 176 of his opinion, Allread, J., continues:

"We cannot escape the conclusion that the original summons against the minor, and the supplementary summons against the father and mother, and the service thereon, conferred personal jurisdiction of the minor upon the court, and that the quashing of the service was erroneous."

\* \* \* \* \*

"3. The manner and method of service on the principal defendant is the same, whether he be an adult or a minor."

"4. The guardian of a minor is not a necessary party defendant in an action arising from the minor's tort, but he is a proper party defendant, and comes within the language of §11282 GC (now §2703.04 R. C., supra).

"5. The guardian may be served with process in a county other than that in which the action for tort was instituted against the minor." **Langan v. Kessinger, 23 Abs 392**, motion to certify overruled by the Supreme Court.

In the foregoing case the infant defendant was personally served in the county where the action was brought against him, and subsequently his guardian was served in another county; and, thereupon, counsel for the infant defendant filed a motion to quash the service of summons upon the defendant. The facts and the procedure in the foregoing case are identical with the instant case, except that in the instant case the father, instead of the legal guardian, was subsequently served in another county.

Barnes, P. J., delivering the opinion of the Court in the foregoing case, on p. 394, says:

"The first summons issued was to the Sheriff of Green County, Ohio, and the same was properly served personally on the defendant. So far as this service on the defendant is concerned it appears to be in all respects a compliance with the above §11291 GC (now §2703.13 R. C.).

"\* \* \* The manner and method of service on the principal defendant is the same, whether he be an adult or a minor. \* \* \*."

"Reliance is placed on §11282 GC (now §2703.04 R. C., supra), which is claimed to be the only section pertinent to this issue. \* \* \*"

"It is claimed that the guardian is not a defendant, and hence does not come within the specific language of the above section. It is true that the guardian of a minor is not a necessary defendant in an action arising from a minor's tort, but the Supreme Court seems to recognize the propriety of making (him) party defendant. **Stuard, Gdn. v. Porter, Admr., 79 Oh St 2."** \* \* \*

"In the sense of seeking any relief against the guardian, there could be no necessity of naming the guardian as a party defendant. However, in the sense that the guardian is the proper person to make a defense for the ward, there is a situation recognized in reason and also under the Code that such a guardian be notified by service of summons of the pending action.

"The case of Stuard, Gdn. v. Porter, Admr., supra, discusses the relation of minor and guardian where suit is brought against the ward. While this case is not directly in point, we think the reasoning is helpful and supports the theory that when an action is properly brought,

either the guardian or ward may be served in another county within the state. In any event, it is our conclusion that the situation in the instant case is within the spirit of the law authorizing summons to issue to another county."

Sec. 2703.13 R. C. (formerly §11291 GC), provides in part:

"When the defendant is a minor the service of summons must be upon him, and also upon his guardian or father * * *. The manner of service must be the same as in the case of adults, and shall be made on such persons in the order named in this section."

In the light of the decisions in the foregoing cases of Vandervoort and Kessinger by Judges Allread and Barnes, two of the most able appellate judges in the judicial history of Ohio, we conclude that personal service on the infant defendant in this county where the action was brought, followed by the subsequent service in another county upon his father, meets fully the requirements of §2703.13 R. C., supra, and vests jurisdiction in this court over the person of such minor defendant.

The motions to quash the service of summons upon the minor defendant and his father, and to set aside the return endorsed thereon, are each overruled. Entry accordingly with exceptions by counsel for defendant.