## FIRST NATL BANK OF CINCINNATI v RAWSON et

Ohio Appeals, 1st Dist, Hamilton Co

No 5158.   Decided Oct 13, 1936

Wm. R. Collins, Cincinnati, for appellant.

Peck, Shaffer & Williams, Cincinnati, Paxton & Seasongood, Cincinnati, and Raymond Huwe, for appellees.

## OPINION

By ROSS, PJ.

This matter is presented to this court upon a motion to affirm the judgment of the Court of Common Pleas of Hamilton County, upon the ground that no prejudicial error has intervened as far as the appellant is concerned.

The original petition was evidently filed under the provisions of §10504-66, GC:

"Any fiduciary may maintain an action in the Probate Court or Court of Common Pleas against the creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate or property to be administered, and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity. From any order, judgment or decree of the Probate Court in such proceeding, an appeal may be taken to the Court of Common Pleas by any person against whom it is made, or who is affected thereby, in the same manner provided by law as to appeals from other cases originating in the Probate Court."

It will be noted that while an appeal is provided for in this section to the Court of Common Pleas from the Probate Court, that nothing is said as to an appeal from the Court of Common Pleas to the Court of Appeals. So that the ordinary jurisdiction of this court is involved, as provided for under the constitutional provisions applicable thereto. See **Cincinnati Polyclinic v Balch, 92 Oh St, 415; Cleveland Ry. Co. v Trendel, etc., 101 Oh St, 316; State ex Medical Centre Co. v Clerk of Court of Appeals. 107 Oh St, 557**, and multitude of cases cited in **2 Ohio Jur., p. 45.**

Sec 11364, GC, provides in part as follows:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect. * * *"

It has been the consistent holding of courts considering cases upon review that no judgment of an inferior ▆▆▆▆▆▆▆ tribunal will be reversed unless it be made to affirmatively appear that error prejudicial to the appellant has intervened. See: **2 Ohio Jur., pp. 770-772.**

Sec 11573, GC, provides also:

"No exception shall be regarded unless it is material, and prejudicial to the substantial rights of the party excepting."

If no error, therefore, prejudicial to the appellant executor intervened in the judgment of the Court of Common Pleas, no matter how erroneous the conclusion of that court may have been, such judgment must remain undisturbed, unless there affirmatively appears in the record error, prejudicial to the appellant executor in his fiduciary and official capacity. He has taken no appeal as an individual, and, as such, we must presume it satisfied with the judgment of the Court of Common Pleas.

The petition contains an application to the court to direct the plaintiff executor in fourteen particulars and closes with a prayer for the "direction of the court in regard to the true construction of said will and to its duties in the premises."

No other person interested in the will has filed an appeal. The executor alone has filed an appeal. The judgment in some respects might be considered as very much adverse to the interest of some of the defendant parties in the Court of Common Pleas, yet none has appealed.

It appears that the executor was ordered to replace in the general estate an expenditure made by it for the Ohio Inheritance Tax, the refunder to be made out of the future income of the estate; the tax to be pro-rated against legatees and devisees.

The judgment provides:

"(6) Contribution shall be secured from the various legatees and devisees under the will of Frances Helen Rawson, deceased, and their representatives for the refunder of the Ohio Inheritance Tax paid by the executor for their respective accounts, but interest shall not be added to the proportionate part with which each legatee is to be charged, and no interest shall be collected from the date of the payment by the executor until final contribution is made, and the proceeds of said refunder shall be used, in so far as possible, to restore to the estate the equivalent of any securities that may have been sold by the executor for the payment of debts, taxes or expenses.

"(7) All securities sold by the executor for the payment of debts, taxes and expenses, including securities called or maturing, or any liquidating dividends of corporations in liquidation, or the equivalent thereof, the proceeds which have been used by the executor for the payment of debts, taxes and expenses, shall be restored to the estate out of income, before the executor files his final account and turns the property over to the trustee."

We are cited to certain cases in Massachusetts, which, in our opinion, are conclusive that in such a case no error intervened to support the claims of prejudicial error in the instant proceeding upon appeal.

Referring to Doane v Bigelow, 200 NE 121, decided Feb. 10, 1936 by the Supreme Judicial Court of Massachusetts (Barnstable) the court concludes its opinion with the significant statement:

"The case is not like those in which an executor has brought a bill of interpleader or a petition for instructions, and thus by the very form of the proceeding has barred himself as executor from being concerned with the result. Equity Rule 22 (252 Mass. 606); Rule 106 of the Superior Court (1932); Equity Rule 31 of the Probate Courts (1934); Batchelder, Petitioner, 147 Mass. 405, 470, 471, 18 NE 225; Watson v Erickson, 276 Mass. 185, 187, 177 NE 99; Dockray v O'-Leary, 286 Mass. 589, 190 NE 798."

This was an adversary proceeding in which the executor was a defendant. The question in the case, as stated by the court, is "whether an intention that the mortgage note be paid out of the general assets of the estate plainly appears by the will." The decedent was plaintiff's employer. The court held:

"On the whole, we think that an intent to free the property from the mortgage debt at the expense of the general assets

of his estate, does not 'plainly appear by his will'."

Among the cases cited in the Doane case is Dockray v O'Leary, 286 Mass. 589. The case being so similar to the one at bar we quote from the syllabi:

"The executor of a will brought a petition in a Probate Court for instructions as to what distribution should be made of the residue of the estate, for which there was no provision in the will. He was interested in the matter in his individual capacity and as such he was one of the respondents. In his capacity as executor he filed an appeal from a decree made upon his petition. Neither he in his individual capacity nor any other respondent appealed. In this court for the first time a motion was filed to dismiss the appeal on the ground that the executor was not a 'person aggrieved' under G. L. (Ter. Ed.) c. 215, §9. Held that

"(1) The motion raised a question pertaining to the jurisdiction of this court and must be considered on the appeal although it was not raised in the Probate Court;

"(2) The appellant had no such interest as executor as would make him in his official capacity 'a person aggrieved' within the meaning of the statute;

"(3) The appeal must be dismissed."

We quote also the language of the court on pages 591 and 592 of the opinion:

"The executor having, in his official capacity, brought all interested parties before the Probate Court, fulfilled his whole duty and had no further interest in the outcome of the suit except to abide by and carry out the instructions of the court in the distribution of the estate. Houghton v Kendall, 7 Allen, 72, 73. Gordon v Green, 113 Mass. 259. Burroughs v Wellington, 211 Mass. 494, 496. Security Trust Co. of Lynn v Boyce, 257 Mass. 586, 589, 590. Thompson v Martin, 281 Mass. 41, 43. He did not choose to assert by an appeal in his individual capacity the personal interest which he manifestly had. As executor he properly sought the instructions of the court. Although all other parties in interest, since they filed no appeal, must be taken to be satisfied with the instructions given, he was not. He proposes by his appeal in the capacity of executor, at the expense of the estate, to seek other and contrary instructions.

"This executor is not in the position of the trustees in Ripley v Brown, 218 Mass. 33, who brought no petition for instructions but were made parties defendant in a direct attack upon the office which they purported to hold and upon the validity of a live, charitable trust under which they had long acted and proposed to continue to act. In the present case the only official duties to be performed by the executor after he had brought and presented to the Probate Court his petition for instructions were to make distribution in accordance with the instructions which the court by final decree should give him, and to present for allowance after distribution his final account. In these circumstances he had no such interest as executor as would make him in his official capacity 'a person aggrieved' within the meaning of the statute. Since neither he nor any of his three brothers whose interests were alike affected by the final decree has appealed and asserted any personal rights as legatee under the will, the determination of those rights has not been brought before us. The motion to dismiss must be allowed."

We are also cited by counsel for the executor to the case of **Hunt, Trustee v Edgerton et, 9 C.C. (N.S.) 353,** and counsel quote from the opinion of the court at page 354, deleting certain words underscored in our quotation. The effect of such omission is obvious, for the portions excluded are applicable to the instant cause and are conclusive against the position asserted by the appellant.

"We think it clearly appears that this trustee of this express trust and the trust fund in his hands which he is required to protect for the benefit of the cestui que trust is affected by the judgment in this case, and where the judgment is not merely a direction to him as to how he should administer the trust, but is practically destructive of the trust, it is not only his right but his duty to appeal the cause.

"His petition did not ask the court to declare there was no trust, but simply asked the court to direct him how to administer it. It is unnecessary at this time to determine whether he might appeal or not in case it was simply a direction to him as to the manner and method of administering his trust, for that is not the question before us. It is sufficient to say that we think that he as trustee is affected by this judgment, that it is adverse to him in his trust capacity, and as such trustee he has as much right and power to appeal as if it had been adverse to him personally."

Briefs have been filed by certain appellees legatees under the will resisting the motion to affirm the judgment. As has been indicated previously herein, these parties in the Common Pleas Court must be conclusively presumed to have been content with the judgment, not having appealed therefrom. We have, however, examined these briefs and find that the chief contention is that the executor acts in a representative capacity, and consequently, to a certain extent at least, represents legatees prejudiced by the judgment of the trial court. The right to individual appeal is fixed by §1223-15, GC, which is:

"When the interest of a party is separate and distinct from that of all others in the suit, and he desires to appeal his part of it, it shall be so allowed by the court, and the penalty and bond fixed accordingly. The court also shall make such order as to the papers, pleadings, and copies thereof, and make such other orders as it deems right in view of a division of the case for an appeal."

It must be apparent also that if legatees adversely affected by a decree seek to appeal therefrom through and solely by virtue of the representative character of the executor that it not only represents them but also those favorably affected by the decree. As to these latter, certainly there can be no prejudicial error. In such a case the appellant cannot blow hot and cold. It can not be a dual personality, in which two representatives assume antagonistic positions toward a decree. It is our opinion that the fiduciary character of the executor in no way affects the problem presented.

Authority for the contention that prejudicial error must affirmatively appear in order to justify a review is found in many Ohio cases. See: Noble et v Martin et, Admrs., 4 C.C. 365; Gurley et v Armentrust et, 6 C.C. (N.S.) 156, 166; Cleveland Ry. Co. v McGinty, a minor, 116 Oh St 28; Toledo, Columbus & Ohio River Rd. Co. v Miller, 109 Oh St, 388, 395; Putnam v Commissioners of Paulding County, 102 Oh St, 45, 55; Dunlap, Executor v Dunlap et, 89 Oh St, 28, 33.

It is our conclusion, therefore, that the executor officially cannot be prejudiced by the order of the court directing simply its administration of the estate. It asked for instructions as to such administration. It has received these instructions. If they affect it as a party distinct from its official character, as such party it has taken no separate appeal. As far as the record shows, all other parties are satisfied with the judgment, none of them has appealed. The executor can not represent them in an appeal, as it represents all and not simply some.

The motion to affirm the judgment is granted.

MATTHEWS, J, concurs.