Turner, J.
 

 Where a Probate Court made a valid appointment of a guardian of the person and estate of an incompetent person, may a Court of Common Pleas grant such ward a writ of
 
 habeas corpus
 
 upon finding that such ward is no longer an incompetent person?
 

 The trial court in its opinion acknowledged the exclusive jurisdiction of the Probate Court over the guardian but in its journal entry found and ordered “that Maude Clendenning is no longer an incompetent person by reason of mental disability and that she is now mentally competent to take care of her person and her property and that the cause for a guardian over her person and property does not now exist, nor for any further unlawful restraint upon her liberty.
 

 “It is further ordered and adjudged that the writ will therefore be sustained and the said Maude Clendenning is discharged from any illegal restraint at the hands of the guardian.”
 

 This squarely presents a question of conflict of jurisdiction between the Court of Common Pleas and the
 
 *88
 
 Court of Probate. To hold otherwise would be the result of failure to recognize the realities.
 

 Under Section 4 of Article IV of the Constitution, Courts of Common Pleas have only such jurisdiction as may be conferred by law.
 

 In the case of
 
 Stevens
 
 v.
 
 State,
 
 3 Ohio St., 453, Judge Ranney said at page 455: ‘ ‘ The constitution itself confers no jurisdiction whatever upon that court [Common Pleas], either in civil or criminal cases. It is given a capacity to receive jurisdiction in all such cases, but it can exercise none, until ‘fixed by law.’ ”
 

 Except upon appeal
 
 (e. g.,
 
 Section 10501-56, General Code), Courts of Common Pleas have no jurisdiction over either the appointment or removal of guardians or their relation to or control over either the person or property of the ward.
 

 Section 8 of Article IV of the Constitution provides in part:
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians * * * J j
 

 Section 10507-2, General Code, provides:
 

 “When found necessary, the Probate Court of any county on its own motion or on application by any interested party, shall appoint a guardian of the person, or of the estate, or of both, of * * * incompetent (except that if the incompetency be due to physical disability or infirmity the consent of the incompetent must first be obtained), * * * provided the person for whom the guardian is to be appointed be a resident of the county, or has a legal settlement or residence therein. * * .
 

 Section 10501-53, General Code, gives exclusive jurisdiction to the Probate Court “to appoint and remove
 
 *89
 
 guardians and testamentary trustees, direct and control their conduct, and settle their accounts * #
 

 Section 10507-61, General Code, provides:
 

 “Upon reasonable notice to the guardian, and to the person or persons on whose application the appointment was made, and satisfactory proof that the necessity for the guardianship no longer exists, or that the letters of appointment were improperly issued, the Probate Court shall order that the guardianship of an incompetent *
 
 *
 
 * terminate, and shall make an appropriate entry upon the journal. Thereupon the guardianship shall cease, the accounts of the guardian be settled by the court, and the ward be restored to the full control of his property as before the appointment. * * *”
 

 We are of the opinion that this section provides the exclusive and adequate method whereby a guardianship may be terminated and control of a ward’s property restored. Where the petitioner has an adequate remedy at law, a writ of
 
 habeas corpus
 
 will be denied.
 
 Ex parte Justes,
 
 121 Ohio St., 628, 172 N. E., 307; 20 Ohio Jurisprudence, 490, Section 66. What was said by Chief Justice Weygandt in
 
 Unger
 
 v.
 
 Wolfe,
 
 134 Ohio St., 69, 74, 15 N. E. (2d), 955, re the precedence of a later special statute over an older, general statute, applies here.
 

 In the case of
 
 Shroyer, Gdn.,
 
 v.
 
 Richmond,
 
 16 Ohio St., 455, this court held:
 

 “4. Plenary and exclusive original jurisdiction is' given by law to the Probate Courts of this state, in the matter of the appointment of guardians, and that jurisdiction attaches in any given case, whenever application is duly made for its exercise therein.
 

 “5. Such proceedings are not
 
 inter partes,
 
 or adversary in their character. They are, properly, proceedings
 
 in rem;
 
 and the order of appointment, made in
 
 *90
 
 the exercise of jurisdiction, binds all the world. The actual presence of the ward is not essential to the jurisdiction; unless, by reason of his right to choose a guardian, or for other cause* the statute so require.
 

 “6. The Probate Courts of this state are, in the fullest sense, courts of record; they belong to the class whose records import absolute verity, that are c'onjpetent to decide on their own jurisdiction, and to exercise it to final judgment, without setting forth the facts and evidence'on which it is rendered.
 

 “7. Hence, an order appointing a guardian, made by a Probate Court, in the exercise of jurisdiction, cannot be, collaterally, impeached. The record showing nothing to the contrary, it will be
 
 conclusively presumed,
 
 in all collateral proceedings, that such order was made upon full proof of all the facts necessary to authorize it.”
 

 We approve the foregoing quotation from the syllabus of the
 
 Shroyer case
 
 as applicable in the instant case.
 

 The Court of Common Pleas has jurisdiction under Section 12162, General Code, to grant a writ of
 
 habeas corpus
 
 to a person
 
 unlawfully
 
 restrained of his liberty (Section 12161, General Code), but such court may not allow the writ where “it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order * # (Section 12165, General Code.)
 

 It is conceded that the finding of incompetency and the appointment of a guardian by the Probate Court-was valid but it is claimed that the Court of Common Pleas had jurisdiction to inquire into the then present competency or ineompet.ency and to allow the writ if
 
 *91
 
 the ward be then found to be competent. When it appeared that a valid appointment by the Probate Court was still in effect the principles of law applied in the cases of
 
 In re Guardianship of Oliver,
 
 77 Ohio St., 474, 83 N. E., 795, and
 
 Children’s Home of Marion County
 
 v.
 
 Fetter,
 
 90 Ohio St., 110, 106 N. E., 761, should have been applied here. In the
 
 Children’s Home case
 
 it was held under the provisions of Section 12165, General Code, a ward of the Juvenile Court (Probate) might not be released by the Court of Appeals on a writ of
 
 habeas corpus.
 
 At page 127, Judge Newman said:
 

 . “When it appeared to the Court of Appeals that the Juvenile Court had acquired jurisdiction of the child, and that it had become a ward of that court, it should have dismissed the application for a writ of
 
 habeas corpus. ’ ’
 

 Compare
 
 In re Bartholomew,
 
 88 Ohio St., 601, 105 N. E., 766, wherein this court said:
 

 “Writ refused on the ground that it appears from the application that Raymond Adam Bartholomew is in the custody of the St. Joseph Seminary pursuant to an order of the Court of Appeals which court had jurisdiction to make the order placing him in said institution and that the order which it made in that behalf is not void.”
 

 See, also,
 
 Reno
 
 v.
 
 Love,
 
 25 C. C. (N. S.), 129, 26 C. D., 296, affirmed without opinion,
 
 Reno
 
 v.
 
 Love,
 
 88 Ohio St., 623, 106 N. E., 1074.
 

 The decisions of the lower courts in the instant case were based upon the holding of this court in the case of
 
 In re Remus,
 
 119 Ohio St., 166, 162 N. E., 740. We do not think that the principles announced in the
 
 Remus case
 
 are applicable here. Remus had been acquitted of murder on the sole ground of insanity and had been committed to the Lima State Hospital under Section 13612, General Code. The majority of this court were
 
 *92
 
 of the opinion that the Court of Appeals had jurisdiction to hear and determine Remus’ then sanity and to grant a writ of
 
 habeas corpus.
 

 Section 13612, General Code, as it stood prior to its repeal in 113 Ohio Laws, 215, and applicable to the
 
 Remus case
 
 provided:
 

 “When a person tried upon an indictment for an offense is acquitted on the sole ground that he was insane, such fact shall be found by the jury in the verdict, and certified by the clerk to .the Probate 'Court. Such person shall not be discharged, but forthwith delivered to the Probate Court, to be proceeded against upon the charge of lunacy, and the verdict shall be
 
 prima facie■
 
 evidence of his insanity.”
 

 After commitment the Probate Court had no continuing, exclusive jurisdiction of Remus. The statutes involved in the
 
 Remus case
 
 did not contemplate the return of the prisoner to the Probate Court for further examination and adjudication. Therein lies the distinction between the
 
 Remus case
 
 and the instant case.
 

 In this state the Probate Court do.es have continu- • ing, exclusive jurisdiction over both the ward and the guardian, where no appeal has been perfected. (Section 10501-53, General Code.)
 

 A guardian is an officer of the court appointing him. 39 Corpus Juris Secundum, 9, Section 1.
 

 A ward receives such status from a proceeding
 
 in rem
 
 in the Probate Court. The ward becomes the ward of the court. The control of the ward’s person and property remains in the Probate Court with the discharge of the duties in respect thereof being delegated to a guardian as the agent of the court and subject to the orders of the court.
 

 As stated in 39 Cox-pus Jux-is Secundum, 14, Section 4:
 

 
 *93
 
 “A guardian appointed by a court of competent jurisdiction is always under the court’s control and is subject to its directions and supervision. This is so even though the guardian was nominated by the ward. The jurisdiction of the court in this respect is exclusive and a continuing one.”
 

 In 25 American Jurisprudence, 7, Section 2, it is said:
 

 “The court having jurisdiction of a guardianship matter is said to be the superior guardian, while the guardian himself is deemed to be an officer of the court. ’ ’
 

 In
 
 In re Guardianship of Oliver, supra,
 
 this court held:
 

 “Exclusive original jurisdiction to remove a guardian being, by Section 524, Revised Statutes, vested in the Probate Court, the Court of Common Pleas is without original jurisdiction to entertain an application to remove a guardian.”
 

 Section 524, Revised Statutes (now covered by Sections 10501-53 and 10507-61, General Code)', provided that Probate Courts should have exclusive jurisdiction to appoint and remove guardians, to direct and control their conduct and to settle their accounts.
 

 In the case of
 
 Newton
 
 v.
 
 Hammond,
 
 38 Ohio St., 430, this court also held that the jurisdiction of Probate Courts over the settlement of the accounts of guardians was exclusive. As stated by Judge Mcllvaine at page 436: “The probate court has control and direction of the conduct of the guardian throughout the administration of the trust.” (That case involved 2 S. & C., 1212, which later became Section 524, Revised Statutes.)
 

 In passing it may be noted that the original adjudication and appointment were appealed to the Court of Appeals where it was urged: “That the adverse judg
 
 *94
 
 ment is contrary to law and against the manifest weight of the evidence.” In affirming the Probate Court, the Court of Appeals said in the course of its opinion: .
 

 “Under this state of facts, concerning-which tliere is little dispute, it is not surprising that the trial court found that she was an incompetent person, and that a guardian of her person and estate was not only:;necessary for her own.protection but for society as-well. We therefore determine that there is ample evidence to sustain the judgment.. It is not against theimanifest weight thereof, but is rather in accord therewith.”
 

 As the order of the Court of Common Pleas in’the instant case was an interference with the jurisdiction of the Probate Court, which had previously attached to the subject matter, and the Court of Common Pleas being without .jurisdiction over either the ward or her estate, the judgment of the Court of Appeals should be and hereby is reversed.
 

 This court coming to enter the judgment which the Court of Appeals should have entered, the judgment of the Court of Common Pleas is reversed and the petition of plaintiff (appellee here) dismissed at her costs.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.