In re Guardianship of Lloyd.

[Cite as In re Guardianship of Lloyd, 8 Ohio App. 2d 223.]

(No. 26712—Decided March 19, 1964.)

*Messrs. Gottfried, Ginsberg, Guren & Merritt,* for appellee.
*Messrs. Merkel, Campbell, Dill & Zetzer,* for appellant.

*Per Curiam.* This cause arose in the Probate Court of Cuyahoga County wherein application was made by Edward Ginsberg, resident guardian of the estate of Maria Celeste Roseman Lloyd, a minor, requesting the court to order Robert W. Campbell, trustee under the will of Charles E. Roseman, Jr., deceased, to pay from the trust fund attorney's fees incurred by Peter John Lloyd, the previous guardian, in unsuccessfully resisting his removal as guardian.

Peter John Lloyd had married the widow of Charles E. Roseman, Jr., and adopted his daughter, Maria Celeste Roseman, before his appointment as guardian of her person and estate. During the pendency of an action to construe the trust instrument of which Maria was beneficiary, the trustee filed a motion for the removal of Peter John Lloyd as guardian since he was no longer a resident of Ohio.

The Probate Court refused to entertain the trustee's motion in the action to construe the trust (case No. 599032) and transferred it to the guardianship case (case No. 469008). Thereafter, Peter John Lloyd was removed, and his attorney, Edward Ginsberg, was appointed successor guardian. Subsequently, this application for attorney's fees was made.

The matter was referred to the Chief Referee of the Probate Court who, in a written memorandum, recommended that the Probate Court allow said application, and the same was allowed by that court.

The trustee, Robert W. Campbell, appealed to this court on questions of law from the order of the Probate Court, which was journalized as follows:

"September 26, 1963.　　　　　　　　To Court:

"On this 26th day of September, 1963, this cause came on for hearing on the application of Edward Ginsberg, resident guardian of the Estate of Maria Celeste Roseman Lloyd, a minor, to pay counsel fees for necessary and beneficial legal services rendered herein as more fully set forth in the application hereto. The court upon consideration hereby fixes the value of services rendered by Gottfried, Ginsberg, Guren & Merritt at two thousand eight hundred dollars ($2,800) and hereby authorizes and directs Robert W. Campbell, trustee under the will of Charles E. Roseman, Jr., to pay the same and to include the said amount in his next accounting under the trust account filed in Probate file number 483199, according to law.

"Frank J. Merrick, Probate Judge
Journal 916, page 962."

That order is reversed as being contrary to law for the following reasons:

1. The provisions of Section 2109.21, Revised Code, are mandatory in requiring the removal of a guardian, other than a guardian named in a will by a parent of a minor, on proof that he is no longer a resident of the state. The guardian, Peter John Lloyd, was not a resident of Ohio when the motion for removal was filed on October 15, 1962, and had not been such resident, admittedly, since November 1960. He was not a guardian named in a will by a parent of a minor. It is inconceivable how legal services performed for the guardian in unsuccessfully

resisting the removal of the guardian under such circumstances could be considered as being necessary and beneficial to the ward or to the trust estate of which she is the sole beneficiary. The court below necessarily removed the guardian as mandatorily required under the law after a hearing on February 18, 1963. In its memorandum of March 13, 1963, the court very properly stated in part as follows:

"The guardian herein having permanently changed his residence to a foreign country, the court has no alternative but to grant the motion to remove which is accordingly done and the guardian is removed. * * *"

2. The order of Probate Court is contrary to the provisions of the trust reposing the discretion in the trustee as to what best serves the benefit and welfare of the beneficiary for whose benefit the trust was created.

3. The management of the trust estate under Probate Court case No. 483199 for the period of the trust is entirely independent of the operation of the guardianship estate, Probate Court case No. 469008, in connection with which this appeal was made.

It is noteworthy that the guardianship estate, Probate Court Docket 478, No. 469008, which is involved in this appeal, never had any tangible assets, personal or real, the only inventory-listed assets being equitable interests in three testamentary trusts established for the ward, each of which is being separately administered by a different trustee named in each will. The final account of guardian Peter John Lloyd, who was appointed on March 13, 1953, and removed by the court on March 13, 1963, filed on May 4, 1963, and approved by the court on June 10, 1963, states "that he has received no money or property for or on behalf of his infant ward, Maria Celeste Roseman Lloyd, either before or during the period of his guardianship of the person and estate of his ward" and continues to recite that the entire estate of the ward now consists of the equitable interests in the three testamentary trusts set out above.

No outstanding obligations are listed on this final account although the transcript of journal entries shows that on January 25, 1961, the guardian, Peter John Lloyd, applied for authority to pay counsel fees for earlier services by counsel and this

authority was granted in the amount of $1,000 and the guardian authorized to include same in his next account.

The successor guardian, appointed March 20, 1963, filed an inventory on March 29, 1963, and listed as assets of the guardianship estate only the same equitable interests in the three testamentary trusts.

Final judgment is rendered herein denying the application of the resident guardian for counsel fees in connection with the guardianship estate to be paid out of the trust estate.

*Judgment reversed.*

KOVACHY, P. J., CORRIGAN and WASSERMAN, JJ., concur.