STATE, EX REL. ANCRILE, APPELLEE, *v.* CRIST, SUPT., LIMA
STATE HOSPITAL, APPELLANT.

(No. 1310—Decided June 8, 1966.)

*Mr. F. Stewart Elliott,* for appellee.
*Mr. William B. Saxbe,* attorney general, and *Mr. Allen D. Dobnicker,* for appellant.

GUERNSEY, J. Petitioner was convicted and sentenced by the Common Pleas Court of Columbiana County for a violation of Section 2905.44, Revised Code, adjudged to be a psychopathic offender, and, pursuant to the provisions of Section 2947.24 *et seq.,* Revised Code, committed indefinitely to the Lima State Hospital, during which commitment the execution of his sentence was suspended. In the trial of his action in habeas corpus in the Common Pleas Court of Allen County the only claim made by the petitioner, or issue raised, was that he is not now a psychopathic offender and, for such reason, is entitled to be released from the Lima State Hospital and conveyed to the Ohio State Reformatory so that he may begin serving his sentence and become eligible for parole.

Following hearing the Common Pleas Court found that petitioner "is not a psychopathic offender and is unlawfully in the custody of the respondent" and ordered him released from such custody and "forthwith transferred to the Ohio State Reformatory." It is from this judgment that the Superintendent of the Lima State Hospital now appeals claiming that the trial court had no jurisdiction to make such order.

Approving and following the case of *State, ex rel Solomon,* v. *Bushong, Supt.*, 85 Ohio App. 333, decided by this court in 1949, it is now our opinion and conclusion that where a person filing a petition for a writ of habeas corpus has been adjudged a psychopathic offender and is under indefinite commitment to the Lima State Hospital under the provisions of Section 2947.24 *et seq.*, Revised Code, and where his only claim is that he is not now a psychopathic offender, and the jurisdiction of the court making such commitment, either over his person or over the subject matter, is not in issue, the action in habeas corpus does not lie and a Common Pleas Court has no jurisdiction in such action to order the petitioner's release from the Lima State Hospital and his transfer to the place where his sentence would otherwise have been served. Compare *In re Clendenning,* 145 Ohio St. 82.

We conclude, therefore, that the Common Pleas Court of Allen County exceeded its jurisdiction in rendering the judgment appealed from, which constituted error prejudicial to the respondent, appellant herein, for which error the judgment should be reversed and vacated and the petition be ordered dismissed.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.