OPINION
Appellants Daniel and Cheryl Skrobut appeal from the order of the Mahoning County Probate Court which removed them as guardians of their son's estate and found them in contempt of court. For the following reasons, the trial court's judgment is affirmed in part and this appeal is dismissed in part.
Appellants' son, Daniel R. Skrobut, Jr., is a disabled child who received approximately $3.6 million from a medical malpractice case. In September 1995, the probate court appointed appellants as co-guardians over their son's person and estate. Soon thereafter, appellants filed a motion to establish a trust for their son with Key Trust Company as trustee, but the court rejected this proposal. In November 1996, appellants filed a supplemental motion to establish a trust requesting Mahoning National Bank as trustee. On December 26, 1996, the court sustained the motion for a trust but rejected a corporate trustee and appointed an attorney as trustee instead. Appellants appealed the probate court's decision to this court, and we affirmed.
In the meantime, because a stay was not granted, the probate court proceedings continued. On January 23, 1997, the court ordered appellants, as guardians of the estate, to file a final account within twenty days. On September 30, 1997, appellants were again ordered to file a final accounting. The court ordered them to comply by October 13 or be deemed in contempt. The court's entry stated that upon the filing of the final account only the guardianship of the person shall survive. Once again, appellants failed to comply. Thus, the court-appointed trustee filed an application for instructions. At the January 7, 1998 hearing on the application, appellants filed a "partial account."
On January 26, 1998, the probate court released its judgment entry which, among other things, purported to remove appellants as guardians over their son's estate. The court also found that appellants were in direct contempt of its previous orders to file a final account. However, the court continued its determination on sanctions "until after it has had an opportunity to review the `partial' account filed by them [appellants], in the event some further action by the Court is required." The within appeal followed.
The attorneys for the probate court urge this court to dismiss this appeal because appellants' brief fails to identify specific assignments of error as required by App.R. 16 (A)(3) and (4). Although there exists technical noncompliance with the Rules of Appellate Procedure, we shall deny the probate court's motion to dismiss. In essence, appellants argue on appeal that the trial court erred by removing them as guardians of the estate and by finding them to be in contempt.
Initially, we must point out that the probate court's finding of contempt was not a final appealable order. A mere adjudication of contempt is not a final appealable order until a sanction is also imposed. Chain Bike Corp. v. Spoke `N Wheel, Inc. (1979),64 Ohio App.2d 62, 64. See, also, McCarty v. Kimmel
(1989), 62 Ohio App.3d 775, 781. In order to impose sanctions, the probate court must follow the show cause procedure outlined in R.C. 2101.23. Where the court specifically defers imposition of punishment, there is no jurisdiction to review a court's judgment of contempt. Cooper v. Cooper (1984),14 Ohio App.3d 327, 328. As we noted earlier, the probate court in the case at bar specifically deferred its determination of sanctions until it could review the partial account and determine if sanctions were warranted. Thus, the issue of contempt is not properly before this court. Consequently, the appeal is dismissed with regards to the finding of contempt.
We now turn to the argument that the trial court improperly removed appellants as guardians over their son's estate. A probate court's decision on issues with respect to a guardian will not be reversed absent an abuse of discretion. In the Matterof the Guardianship of Weiss (July 28, 1997), Mahoning App. No. 96 CA 135, unreported, 2-3. An abuse of discretion implies more than a mere error of judgment but requires a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
We first note that the appointment of a trustee under the circumstances of the case at hand seems to necessarily require removing the guardians of the estate. The assets of the ward's estate were to be transferred to a trust and administered by the trustee leaving nothing for the guardians of the estate to guard. Appellants are the parties who asked for the appointment of a trustee, only they desired a corporate trustee as opposed to an individual attorney trustee. This court previously affirmed the probate court's appointment of the attorney trustee. In theMatter of the Guardianship of Skrobut (April 30, 1998), Mahoning App. No. 1435. Thus, this issue cannot now be the subject of review.
Moreover, pursuant to R.C. 2101.24(A)(1)(e), the probate court has the exclusive jurisdiction to appoint and remove, direct and control, and settle the accounts of guardians. A guardian is deemed to be an officer of the probate court who is the superior guardian. See In re Clendenning (1945), 145 Ohio St. 82,93; R.C. 2111.50(A)(1). A guardian is required to obey all orders of the court which touch the guardianship. R.C. 2111.14
(D). Hence, the probate court can remove a guardian for good cause. See R.C. 2111.46. See, also R.C. 2109.24 governing the removal of any fiduciary by the probate court and R.C. 2109.30
(A) stating that a probate court can order a fiduciary to make an accounting. In fact, it appears that failing to respond to probate court orders often results in a guardian's removal. See,e.g., Office of Disciplinary Counsel v. Romaniw (1998), 83 Ohio St.3d 462;Bar Assoc. of Greater Cleveland v. Sheehan (1987),32 Ohio St.3d 138, 140.
Appellants' brief primarily deals with the probate court's reprimand for entering an investment agreement with Key Trust after the court ruled that the funds should be placed in a depositary account. Although this may have been another persuasive reason for removing appellants as guardians over the estate, an alternative reason constituting good cause to remove appellants was the fact that they failed to file a final account after being ordered to do so on at least two occasions. When they finally did file an account, it was not final. We cannot say that it is unreasonable, arbitrary, or unconscionable to remove guardians who refuse to obey orders of the probate court, especially when the disobeyed orders required the filing of a final account so that a court-appointed trustee could begin administration of the estate. Accordingly, appellant's argument is without merit.
For the foregoing reasons, the part of the order appealed from which purported to remove appellants as guardians of their son's estate is affirmed. Furthermore, the appeal from the portion of the probate court's order that relates to the finding of contempt is dismissed for lack of a final appealable order.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE