LARRY A. JONES, SR., J.:
*851 {¶ 1} This matter involves the issue of whether the probate division of the Cuyahoga County Common Pleas Court had jurisdiction over a complaint alleging breach of fiduciary duty, negligence, fraud, conversion with regard to an estate, and that sought a constructive trust and an accounting. For the reasons that follow, we answer in the affirmative.
{¶ 2} Plaintiff-appellant, Sami Sosnoswsky, was gifted money to be placed into a trust until she turned 18 years old. Judith Lieber, Sosnoswsky's mother, was custodian of the account. From 1973-1980, the following amounts were to be placed in the trust: $19,000 from Sosnoswsky's grandmother, $6,057.40 from her grandfather, and $50,000 from her father. Sosnoswsky has alleged that the trust is currently worth about $2,000,000.
{¶ 3} In February 2016, defendant-appellee John Koscianski was appointed the guardian of the estate and person of Judith Lieber. On December 12, 2016, Sosnoswsky filed a complaint in the probate division of the Cuyahoga County Common Pleas Court. She filed a second complaint in the court's general division on December 29, 2016. The complaints were virtually identical in that they named the same defendants and alleged that, due to Lieber's fraudulent conveyance of the funds, Sosnoswsky never received any of her trust money.
{¶ 4} Koscianski filed a motion to dismiss the complaint in the general division pursuant to Civ.R. 12(B)(1). The court stayed the case pending decision by the probate division on the complaint Sosnoswsky had filed with that court. On April 28, 2017, Sosnoswsky voluntarily dismissed her complaint without prejudice in the probate court and moved to reinstate her general division case to the active docket. The general division trial court granted her motion to reinstate the case to the active docket.
{¶ 5} Koscianski moved to renew the original motion to dismiss in the general division. The general division trial court granted Koscianski's motion, holding:
Pursuant to R.C. 2101.24, it is well settled that the probate court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in R.C. 2101.24 and as to all matters pertaining directly to the administration of estates.
[T]his instant matter involves a ward [Lieber] that is currently under guardianship in the Cuyahoga County Probate Court. The Court finds that Plaintiff's claims are controlled by Ohio Rev. Code 2109.50 through Ohio Rev. Code 2109.56 and the Probate Court has exclusive jurisdiction of this matter. As such, Defendant's Motion to Dismiss is granted for lack of subject matter jurisdiction pursuant to Civ. R. 12(B)(1).
{¶ 6} Sosnoswsky filed a notice of appeal, raising one assignment of error for our review:
The trial court erred in granting the defendant's motion to dismiss complaint on the ground that the Cuyahoga County Court of Common Pleas lacked subject matter jurisdiction in accordance with Civ.R. 12(B)(1).
{¶ 7} In her sole assignment of error, Sosnoswsky claims that the trial court erred in dismissing her complaint for lack of subject matter jurisdiction under Civ.R. 12(B)(1). The standard of review for a Civ.R. 12(B)(1) dismissal is whether any cause of action cognizable by the forum has been raised in the complaint.
*852 Prosen v. Dimora , 79 Ohio App.3d 120, 123, 606 N.E.2d 1050 (9th Dist.1992) citing Avco Fin. Servs. Loan, Inc. v. Hale , 36 Ohio App.3d 65, 67, 520 N.E.2d 1378 (10th Dist.1987) ; State ex rel. Bush v. Spurlock , 42 Ohio St.3d 77, 537 N.E.2d 641 (1989). This determination involves a question of law that we review de novo. Phillips v. Deskin , 5th Dist. Richland No. 12CA119, 2013-Ohio-3025, 2013 WL 3776322, ¶ 8, citing Shockey v. Fouty , 106 Ohio App.3d 420, 666 N.E.2d 304 (4th Dist.1995). In doing so, we accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Phillips at id. , citing Byrd v. Faber , 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).
{¶ 8} R.C. 2101.24, which governs the jurisdiction of probate court, provides, in pertinent part:
(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
* * *
(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;
* * *
(m) To direct and control the conduct of fiduciaries and settle their accounts;
* * *
(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code.
{¶ 9} Pursuant to this R.C. 2101.24, a probate court has continuing and exclusive jurisdiction of all matters pertaining to a guardian and his or her ward. Goff v. Ameritrust Co., N.A. , 8th Dist. Cuyahoga Nos. 65196 and 66016, 1994 WL 173544, 4, 1994 Ohio App. LEXIS 1916, 12-13 (May 5, 1994), citing In re Clendenning , 145 Ohio St. 82, 60 N.E.2d 676 (1945). In Goff , this court determined that the probate court's jurisdiction over the guardianship extends to all matters "touching the guardianship" under R.C. 2101.24. Id., citing R.C. 2111.13(A) ; see also In re Rauscher , 40 Ohio App.3d 106, 531 N.E.2d 745 (8th Dist. 1987). R.C. 2111.13(A)(4) directs a guardian "to obey all the orders and judgments of the probate court touching the guardianship." In re Rauscher at 107-108, 531 N.E.2d 745.
{¶ 10} In her complaint, Sosnoswsky alleged that Lieber fraudulently concealed and converted funds for her own use that had been meant for Sosnoswsky. Because Lieber is under the guardianship of Koscianski, pursuant to R.C. 2101.24 and 2111.13, the probate court has jurisdiction over Sosnoswsky's claims.
{¶ 11} Koscianski argues that probate court has exclusive jurisdiction and control of a guardian and all things that "touch the guardianship"; therefore, Sosnoswsky's claim that the case belongs solely in the general division is incorrect. The issue, as the parties have framed it, is whether the probate court has exclusive jurisdiction over Sosnoswsky's claims. We find, however, that it is unnecessary for this court to determine whether the probate court's jurisdiction is exclusive, because (1) we have determined that the matter was properly before the probate court, and (2) the jurisdictional priority rule applies.
{¶ 12} "The jurisdictional priority rule prevents the prosecution of two actions involving the same controversy in two courts of concurrent jurisdiction at the same time." Davis v. Cowan Sys. , 8th Dist. Cuyahoga No. 83155, 2004-Ohio-515, 2004 WL 231803, ¶ 11. "The jurisdictional priority rule provides that 'as between [state]
*853 courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " Id., quoting State ex rel. Racing Guild of Ohio v. Morgan, 17 Ohio St.3d 54, 56, 476 N.E.2d 1060 (1985), quoting State ex rel. Phillips v. Polcar , 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus.
{¶ 13} To invoke the jurisdictional priority rule, the claims or causes of action must be the same in both cases. Where a suit is commenced in one jurisdiction that involves the "whole issue" between the parties, a second court may not interfere with the resolution of the issue filed in the first court. Davis at ¶ 12, citing CWP Ltd. Partnership v. Vitrano , 8th Dist. Cuyahoga No. 71314, 1997 WL 253156, 1997 Ohio App. LEXIS 2116 (May 15, 1997). But if the second case does not involve the same cause of action or the same parties, the first suit will normally not prevent the second case from proceeding. Davis at id. , citing State ex rel. Red Head Brass v. Holmes Cty. Court of Common Pleas , 80 Ohio St.3d 149, 684 N.E.2d 1234 (1997).
{¶ 14} In Davis , this court stated that a trial court must engage in a two-step analysis to determine whether two cases concern the same "whole issue." Id. at ¶ 14. "First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." Id. , citing CWP Ltd. Partnership .
{¶ 15} Sosnoswsky filed her complaint in the probate division on December 12, 2016. She filed a nearly identical complaint in the general division on December 29, 2016. The sole difference in the complaints was that Sosnoswsky filed her complaint in the probate division pursuant to R.C. 2109.50 - 2109.56, that concern actions in probate court with regard to fiduciaries who conceal or embezzle assets. Her subsequently filed complaint in the general division named the same parties and asserted the same causes of action as the complaint filed in the general division without citing to R.C. 2109.50 - 2109.56. Both complaints requested a constructive trust and an action for accounting and alleged a breach of fiduciary duty, negligence, fraud, and conversion.
{¶ 16} We also find that if the general division determined the case, it would have a certain impact on the case that was first filed in the probate division. The two cases both concern the "whole issue"; therefore, even if Sosnoswsky's complaint was properly filed in the general division, the jurisdictional priority rule applies.
{¶ 17} Sosnoswsky contends that even if her case were decided in her favor in probate court, Koscianski could argue on appeal that the decision was void because the probate division did not have jurisdiction over those claims. We disagree. The general division trial court has found the probate court has jurisdiction over Sosnoswsky's claims and this decision affirms the trial court's finding. Thus, a future appeal on that basis would most likely be futile.
{¶ 18} We are cognizant of the fact that Sosnoswsky dismissed her complaint in probate court prior to the general division trial court's ruling dismissing her claims in the general division. But the dismissal in probate court was made pursuant to Civ.R. 41(a) and was without prejudice; therefore, with the operation of the savings statute, *854 Sosnoswsky can refile her claims in probate court.
{¶ 19} Finding that the general division trial court did not err when it determined that the probate division had jurisdiction over Sosnoswsky's claims, the trial court's decision is affirmed.
{¶ 20} The sole assignment of error is overruled; judgment affirmed.
PATRICIA ANN BLACKMON, J., CONCURS; MELODY J. STEWART, P.J., DISSENTS WITH SEPARATE OPINION
{¶ 21} I dissent from the majority's decision to affirm the trial court. The Supreme Court of Ohio has stated that the probate division has no jurisdiction over claims for money damages arising from allegations of fraud. Dumas v. Estate of Dumas , 68 Ohio St.3d 405, 408, 1994-Ohio-312, 627 N.E.2d 978 ("Even though [plaintiff] seeks an order to rescind the transfer of assets of the trust * * * which order, if granted may affect the administration of [the] probate estate, her primary aim is still the recovery of monetary damages from the alleged fraud * * * [and] the issues raised * * * were solely within the jurisdiction of the general division * * *.").
{¶ 22} In this case, Sosnoswsky's complaint alleges that Lieber was the perpetrator of the offending acts: the complaint refers to improper acts that Lieber did and did not do with the money Sosnoswsky claims belonged to her. The complaint does not call into question the conduct of Koscianski as Lieber's guardian.
{¶ 23} The trial court cited Goff v. Ameritrust Co., N.A. , 8th Dist. Cuyahoga Nos. 65196 and 66016, , 1994 WL 173544, 2, 1994 Ohio App. LEXIS 1916, 5 (May 5, 1994), for the proposition that the probate court has exclusive jurisdiction over the case. However, Goff is distinguishable because it involved claims relating to the actions of the guardian, and not the ward. In this case, the claims relate entirely to the conduct of the ward. As such, the general division had jurisdiction in this case and erred by granting the motion to dismiss. I would therefore sustain the sole assignment of error and reverse and remand the case to the general division for further proceedings.